# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DEVANTE WILLIAMS**                                                                                     **PLAINTIFF**
**#16-661**

v.                              No: 4:24-cv-00922-KGB-PSH

**THOMPSON,** *et al.*                                                                                     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Devante Williams, a pre-trial detainee at the Conway County Detention Center, filed a *pro se* complaint on October 24, 2024 (Doc. No. 2). His application to proceed *in forma pauperis* has been granted (Doc. No. 3). At the Court's direction, Williams filed an amended complaint (Doc. No. 4). The Court

has screened Williams' amended complaint, and for the reasons described herein, finds that he fails to describe facts sufficient to state a claim for relief.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983. Williams alleges that Faulkner County Detention Center officers Thompson and Solomon were responsible for him losing certain personal property, including "important legal documents" when he was transferred to a court hearing in September 2024. Doc. No. 4 at 4. He further claims that Corporal McJunkins at the Faulkner County Detention Center responded to his complaints regarding the lost property "with negligence" when he went through booking there. *Id.* Williams seeks $500,000 for emotional damages and to be "reimbursed" his legal documents and personal clothing. *Id.* at 5. Williams fails to state a claim upon which relief may be granted, for the reasons described below.

First, Williams cannot state a viable constitutional claim based on the loss of his personal property because Arkansas provides an adequate post-deprivation remedy when property is wrongfully taken. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984) (unauthorized deprivation of property does not constitute violation of procedural due process if meaningful post-deprivation remedy is available); *Willis Smith & Co., Inc. v. Arkansas,* 548 F.3d 638, 640 (8th Cir. 2008) (Arkansas provides adequate post-deprivation remedy for property claims through the Arkansas State Claims Commission).

Second, Williams fails to state a First Amendment access-to-courts claim based on the loss of his legal materials. In *Bounds v. Smith*, the U.S. Supreme Court recognized that prisoners' constitutional right of access to the courts is well-

established. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, to succeed on a claim for a violation of the right of meaningful access to the courts, a prisoner must establish that he or she suffered an actual injury or prejudice caused by the denial of access to legal materials, counsel, or the courts. *Lewis v. Casey,* 518 U.S. 343, 349 (1996). *See also White v. Kautzky,* 494 F.3d 677 (8th Cir. 2007) ("To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim."). The injury requirement "is not satisfied by just any type of frustrated legal claim." *Lewis,* 518 U.S. at 354. The claim must involve an attempt by the inmate to pursue direct appeal from a conviction for which he or she is incarcerated, a habeas petition, or an action under 42 U.S.C. § 1983 to vindicate the violation of a basic constitutional right. *Id.* at 355 ("The tools [required by *Bounds*] are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Williams has not described the legal materials he lost, what type of case they concerned, or how he has met the injury requirement necessary to bring a viable First

Amendment access-to-courts claim. Accordingly, Williams' access-to-courts claim should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Williams' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

SO RECOMMENDED this 5th day of March, 2025.

_____
UNITED STATES MAGISTRATE JUDGE