THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEVANTE WILLIAMS,**                                                                              **PLAINTIFF**
**#16-661**

**v.**                                          **Case No. 4:24-cv-00922-KGB**

**THOMPSON,** *et al.*                                                                           **DEFENDANTS**

## ORDER

Before the Court is the Proposed Findings and Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 5).  Plaintiff Devante Williams has filed objections to the Recommendation (Dkt. No. 6).  After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 5).

Mr. Williams filed a *pro se* complaint under 42 U.S.C. § 1983 on October 24, 2024, while incarcerated at the Conway County Detention Facility (Dkt. No. 1).  At the Court's direction, Mr. Williams filed an amended complaint (Dkt. No. 4).  Judge Harris recommends that the Court dismiss Mr. Williams's complaint and amended complaint on screening because Mr. Williams has not stated facts sufficient to state a claim for relief (Dkt. No. 5, at 2–3).

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Liberally construing Mr. Williams's amended complaint, Judge Harris found that Mr. Williams stated claims based on the loss of his personal property and a First Amendment access-to-courts claim based on the loss of his legal materials (Dkt. No. 5, at 3). Judge Harris determined that Mr. Williams cannot state a viable constitutional claim based on the loss of his personal property because he has an adequate post-deprivation remedy. Judge Harris also concluded that Mr. Williams had not described the legal materials he lost, what type of case the materials concerned, or the injury he suffered to bring a viable First Amendment access-to-the-courts claim (*Id*., at 4). This Court concurs.

In his objections, Mr. Williams states that his property included his addresses of his immediate family, his clothing, and other items. Even assuming that this is true, for the reasons stated in the Recommendation this does not state a viable constitutional claim because Mr. Williams may seek a post-deprivation remedy with the Arkansas Claims Commission for the alleged taking of his property (*Id*., at 3). See *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)

(determining that an unauthorized deprivation of property does not constitute violation of procedural due process if meaningful post-deprivation remedy is available); *Willis Smith & Co., Inc. v. Arkansas*, 548 F.3d 638, 640 (8th Cir. 2008) (concluding that Arkansas provides adequate post-deprivation remedy for property claims through the Arkansas State Claims Commission).

Mr. Williams also states in his objections that the officers "acted negligent [and] chose to deprive me of all said property [and] legal documents." (Dkt. No. 6, at 1).  Mr. Williams's statement does not cure the deficiencies noted by Judge Harris in her Recommendation with respect to Mr. Williams's access-to-the-courts claim because it does not state what legal documents were taken, the case to which the documents pertained, or how Mr. Williams's access-to-the-courts was impacted by the alleged taking of the legal documents.

The Court finds that Mr. Williams's objections break no new ground and fail to rebut the Recommendation (Dkt. Nos. 15, 18).  The Court overrules Mr. Williams's objections.

For these reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 5).  The Court orders that Mr. Williams's complaint and amended complaints are dismissed without prejudice for failure to state a claim upon which relief may be granted (Dkt. Nos. 2, 4).  The Court recommends that, in the future, the dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 15th day of June, 2026.

_____
Kristine G. Baker
Chief United States District Judge

3